IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONNY S. BATES,

    Plaintiff,

vs.                                                      CASE NO.: 6:05-cv-496-Orl-18KRS

LINDA L. FOSTER, JEANETTE HART,
PATRICIA VANN, all three personally and
professionally as employees of the BREVARD
COUNTY SCHOOLS, all of which become,

    Defendant.
_____/

ORDER

THIS CAUSE comes before the Court on amended motion to dismiss by Defendants (Doc. 5, filed April 5, 2005) to which Plaintiff, a *pro se* litigant, has not responded. For the reasons stated herein. Defendants' motion is granted.

I.   MOTION TO DISMISS

A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41. 45-46 (1957); Hishon v. King & Spalding, 467 U.S. 69. 73 (1984); see also Sea Vessel, Inc. v. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). In evaluating a motion to dismiss, the court must accept all the alleged facts as true, and draw all inferences from those facts in the light most favorable to the plaintiff. See. e.g., Cruz v. Beto, 405 U.S. 319 (1972); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The court, however, does not generally accept conclusory allegations as true. S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n. 10 (11th Cir. 1996) (citing Assoc. Builders, Inc.

v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)). A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). Federal courts must follow Rule 8(a) of the Federal Rules of Civil Procedure which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this liberal pleading standard, the allegations need only put the opposing party on fair notice of what the claim is and the grounds upon which it rests. Conley, 355 U.S. at 47.

## II. DISCUSSION

Plaintiff's one-paragraph Complaint alleges that the Defendant employees of Brevard County Schools "entered into a pattern of verbal and written harassment" and "WITHOUT CAUSE under rated [sic] plaintiff's performance rendering it impossible for him to obtain suitable employment." Plaintiff seeks damages in the amount of $777,777.00.

In this quintessential "shotgun" complaint,[1] Plaintiff cites a number of state and federal statutes with no applicability to the facts as alleged: Fla. Stat. § 770.01 (requiring that person serve notice on prospective defendant before instituting suit for libel or slander); Fla. Stat. § 836.01 (providing that conviction for libel is a misdemeanor); Chapter 14 of the Florida Statutes (organization of the executive branch); and 18 U.S.C. § 1514(c)(1) (civil action to restrain harassment of a witness in a criminal case).

The only statute cited with arguable relevance to the instant case is 42 U.S.C. § 1983. Although Section 1983 is not a source of substantive rights, it provides a conduit by which aggrieved parties may recover against those who have violated their rights under federal law.

---

[1] See e.g., Ambrosia Coal and Const. Co. v. Pages Morales, 368 F.3d 1320, 1330 (11th Cir. 2004).

See 42 U.S.C. § 1983; see also Skinner v. City of Miami, Fla., 62 F.3d 344, 347 (11th Cir. 1995). To recover under Section 1983, Plaintiffs must prove that Defendants acted under color of state law to deprive the Plaintiff of a right conferred by federal law. Id.

Plaintiff has failed to identify a colorable violation of federal law. Plaintiff does not have a vested property or liberty interest in the rating of his performance sufficient to warrant the application of the substantive or procedural due process protections of the Fourteenth Amendment. See e.g., Raymon v. Alvord Indep. School Dist., 639 F.2d 257, 257 (5th Cir. 1981) (dismissing claim for allegedly unfair reduction in grade point average)[2]; see also Bd. of Curators of Univ. of Mo. v. Horowitz, 435 U.S. 78, 85-86 (1978) (stating that even assuming there is a liberty interest in pursuit of education, only an "informal give-and-take" is necessary between student and administrators preceding a dismissal); Sandlin v. Johnson, 643 F.2d 1027, 1029 (4th Cir. 1981) (noting that evaluations of a student's academic performance as it relates to promotion "are peculiarly within the expertise of educators and are particularly inappropriate for review in a judicial context.")

Nor does Plaintiff have a constitutional right to be free from verbal insults. See Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000) (finding that teacher's "yelling and screaming at students, using foul language, telling students that their handwriting 'sucks,' telling students that 'if you had one eye and half a brain, you could do this,' calling students 'stupid,' and referring to students as 'bimbos,' 'fatso,' and the 'welfare bunch' was inappropriate and appalling, but did not violate the students' constitutional rights.").

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

3

Because Plaintiff has failed to allege that Defendants deprived him of any right conferred by federal law, Plaintiff's claims must be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** as follows: Defendants' motion to dismiss (Doc. 5) is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Orlando, Florida on this 26 day of April, 2005.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

4